STATE, JACOB TALLMAN, PROSECUTOR, v. AARON BRITTON, COLLECTOR OF TAXES, &c., FOR THE TOWNSHIP OF SOUTH BRUNSWICK.

1. Two farms, owned by T., were divided by the township line between M. and S., so as to leave in S. a dwelling-house and one-acre lot belonging to No. 1, and a dwelling-house and fifteen acres belonging to No. 2. The residue of both farms lay in M., where T. lived and cultivated No. 1, including the one-acre lot in S., the dwelling-house being occupied by a tenant who had no connection with the farm.

2. No. 2, with the exception of the woodland and some acres of rye in M., was leased for a money rent to a tenant who lived in the dwelling-house in S. Assessment against T. in S. for the house and lot, part of No. 1, and for the whole of No. 2, sustained as to the dwelling-house belonging to No. 1, and so much of No. 2, on both sides of the line, as was occupied by the tenant; and set aside as to the one-acre lot, the woodland, and the rye.

3. The plain import of the sixth section of the act of 1866, (*Rev.*, *p.* 1152,) is that, where a farm is divided by a township line, and is occupied by a tenant residing in one of the townships, while the owner resides in the other, the entire farm must be assessed in the township where the tenant and occupant resides, and may be assessed there, either to the tenant or the owner, at the discretion of the assessor.

---

Argued at November Term, 1879, before Justices REED and WOODHULL.

For the prosecutor, *James Flemming.*

For the defendant, *G. D. W. Vroom.*

The opinion of the court was delivered by

WOODHULL, J.  The prosecutor was the owner of two farms in the county of Middlesex, in this state, through which ran the line between the township of Monroe and the township of South Brunswick.

He resided in the township of Monroe, upon what was known as his homestead farm, containing about eighty-eight acres, of which a lot of one or two acres, with a dwelling-house, lay in the township of South Brunswick, and all the rest in the township of Monroe. This dwelling-house, with a garden, was occupied by a tenant who had nothing to do with the farm, and was not in the service of the prosecutor. The whole of the homestead farm, on both sides of the line, with the exception of the dwelling-house and garden in South Brunswick, was cultivated by the prosecutor, or used by him for farming purposes.

The other farm, containing about one hundred acres, and known as the Farr farm, was divided by the township line so as to leave the dwelling-house and about fifteen acres of land in South Brunswick, and the residue, including between thirty and forty acres of woodland, in the township of Monroe.

This farm, with the exception of the woodland, and six or seven acres which the prosecutor had sown with rye in 1876, was held and cultivated under a written lease for a money rent, by a tenant who occupied the dwelling-house in the township of South Brunswick.

The woodland, although expressly excepted by the terms of the lease, was made use of by the tenant for the purpose of procuring his necessary fire-wood.

Such being the situation of the prosecutor's property with respect to the townships referred to, he was assessed for taxes for the year 1877, in the township of South Brunswick, upon the whole of the last-mentioned farm of one hundred acres and upon the dwelling-house and one-acre lot, part of his homestead farm.

The prosecutor insists that this assessment is illegal, and should be set aside, if not altogether, at least as to so much of the property in question as does not lie within the limits of South Brunswick.

The contention, on the other side, is, that the assessment is right as it stands, with a possible exception as to that part of the Farr farm which consisted of woodland.

The questions presented for consideration are, first, whether the prosecutor was rightly assessed in South Brunswick for the one-acre lot and dwelling-house, which, although located in that township, belonged in fact to the homestead farm upon which the prosecutor resided, in the township of Monroe; and, second, whether he was rightly assessed in South Brunswick for any, and if any, what part of the Farr farm lying outside of the lines of that township.

It is admitted that the determination of these questions depends upon the true construction of the sixth section of the tax law of 1866. *Rev., p.* 1152, *pl.* 65. The last clause but one of this section provides that when the line between two townships or wards divides a farm or a lot owned or possessed by the person taxed, the same shall be taxed, if occupied, in the township or ward in which the occupant resides; and if unoccupied, each part shall be assessed to the owner thereof in the township or ward in which the same may be, &c.

Applying these provisions to the facts stated above, the answer to the first question is, that the assessment against the prosecutor in South Brunswick for the one-acre lot was unauthorized. This lot was tilled by the prosecutor as a part of his homestead farm. It was, in the sense of the act, occupied by him, and he could be taxed for it only in the township of Monroe, in which he resided. As to the dwelling-house and garden, the case is different. This part of the property was not occupied by the prosecutor, but by his tenant, and was, therefore, properly assessed to the owner in South Brunswick, the township in which the tenant and occupant resides. *State* v. *Hoffman, Collector, &c.,* 1 *Vroom* 346; *State, Cosset, pros.,* v. *Reinhardt,* 2 *Vroom* 218; *State, Boyer, pros.,* v. *Hay, Id.* 275; *State, Edgar, pros.,* v. *Jewell,* 5 *Vroom* 259; *State, Warren Mfg. Co., pros.,* v. *Warford,* 8 *Vroom* 397; *State, Savage, pros.,* v. *Jones, Collector,* 10 *Vroom* 246.

The second question, viz., as to how much of the Farr farm the prosecutor is liable to be taxed for in South Brunswick, is more difficult to answer.

It is clear from the cases just referred to that if this farm had been actually cultivated by the prosecutor, living in Mon-

roe, the entire farm, on both sides of the line, must have been taxed to him in that township.

If he had cultivated only that part of the farm which lay in Monroe, and had leased so much of it as lay in South. Brunswick to a tenant residing in that township, the prosecutor would have been taxable in Monroe for the part within that township; and for the residue, in South Brunswick, where the tenant resided.

But suppose the occupation of the tenant, as in this case,. extends beyond the limits of the township in which he resides; is the owner to be taxed in that township for all that the tenant occupies on both sides of the line, or only for what he occupies within the limit of his own township?

The first case that I find having any bearing upon this question is *State* v. *Hoffman*, 1 *Vroom* 346. In that case, a farm lying in two townships, with a dwelling-house in each township, one of which was occupied by the owner and the other by his son, who tilled the farm on shares, was held to be all occupied by the owner, and therefore rightly taxed to him in the township wherein he resided. Elmer, J., in delivering the opinion of the court, after remarking that it was not necessary to decide in that case what would have been the consequence if the son had been in fact the tenant and occupant of the farm, goes on to say that the whole farm could not have been assessed to either in the township where he resided, because that is authorized only in the case where the owner is also the occupant.

When State *v.* Hoffman was decided, the tax law of 1854 was in force, the sixth section of which provided as follows: "Every person shall be assessed in the township or ward where he resides when the assessment is made, for all lands. then owned by him within said township or ward, either occupied by him or wholly unoccupied; and when the line between two townships or wards divides a farm or lot, the same shall be taxed, if occupied, in the township or ward where the occupant resides," &c. *Pamph. L.* 1854, *p.* 297, § 6.

It will be observed that, by the first clause, the owner was

the person required to be assessed, and that the occupation there spoken of was evidently the occupation of the owner himself; so thàt the conclusion could hardly be avoided that the words "if occupied," in the next clause, referred exclusively to occupation by the owner.

If the sixth section of the act of 1854 had, without material change, been transferred to the act now in force, there would be good reason for adopting the construction suggested in State v. Hoffman, and holding that the assessment against the prosecutor in South Brunswick, for the Farr farm, must be limited to the dwelling-house and the fifteen acres of land located in that township.

But the corresponding section of the act of 1866, as incorporated in the revision, (*Rev.*, *p.* 1152, *pl.* 65, § 6,) seems to me to require a different interpretation. It provides that all lands shall be assessed in the township or ward in which they are situate, and that every person shall be assessed in the township or ward where he resides, for all lands then owned or possessed by him within said township or ward, either occupied or unoccupied; and that when the line between two townships or wards divides a farm or a lot owned or possessed by the person taxed, the same shall be taxed, if occupied, in the township or ward in which the occupant resides, &c. This is the sixth section of the act of 1854, changed by the omission of the words " by him," and the introduction of the words " or possessed " and the words " owned or possessed by the person taxed."

As the act of 1866 was passed little more than two years after the decision in State v. Hoffman, it is not unlikely that these changes were suggested by what was there said as to the liability of a tenant to be taxed, &c., under the act of 1854, and as to the taxation of a farm lying in two townships, and occupied by a tenant living in one of them. At all events, they put to rest any doubt as to the liability of a tenant to be taxed for lands in his possession, as he might have been before the act of 1854, (3 *Nix. Dig.* 846, *pl.* 33; *State v. Blundell*, 4 *Zab.* 402;) and, at the same time, as to the taxa-

State, Tallman, pros., v. Britton.

tion of a farm in two townships, &c., they bring about a result quite different from that required by the act of 1854.

The plain import of the section referred to, as it now stands, is that, where a farm is divided by a township line, and is occupied by a tenant residing in one of the townships, while the owner resides in the other, the entire farm must be assessed in the township where the tenant and occupant resides, and may be assessed there either to the tenant or to the owner, at the discretion of the assessor.

Any tract of land so situated and occupied must, for the purposes of taxation, be regarded as lying wholly within the limits of the township in which the occupant resides.

The residence of the occupant fixes the place of taxation; the extent of his actual possession, on both sides of the line, ascertains the quantity of land to be taxed.

In addition to the property already referred to, the prosecutor was assessed in South Brunswick, in the year 1877, for a piece of woodland containing eleven acres, which does not appear to have been located either in South Brunswick or in Monroe, but in East Brunswick, where it was properly taxed to the prosecutor.

The result is, that the assessment, in this case, must be reduced by deducting from it (1) $500, the assessed value of the eleven acres of woodland; (2) the value of the one-acre part of the homestead farm; (3) the value of the woodland and rye reserved by the lease.

Unless arranged by agreement between the parties, it will be referred to a commissioner, to ascertain the proper deductions to be made for the items two and three.

The assessment is affirmed, with the exception of the three items above stated; as to these, it is set aside, with costs.